**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lowell Robinson, Jr., | No. CV-22-00687-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| JPMorgan Chase Bank NA, et al., | |
| Defendants. | |

Pending before the Court are Defendant Randy Moultry's Motion to Dismiss Plaintiff's First-Amended Complaint (Doc. 44) and JPMorgan Chase Bank, N.A., Alonso Gonzalez, Leandro Guillen, and Joya Lewis' ("Chase Defendants") Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 47).  Plaintiff filed a Response (Doc. 49), and both Moultry and the Chase Defendants filed a Reply (Docs. 50; 51).  After considering the pleadings and relevant law, the Court will grant both Motions for the following reasons.

## I.       BACKGROUND

Plaintiff alleges applied for credit to make repairs to a property in Greenville, Texas.  Plaintiff applied for a loan over the phone with Chase Bank on March 23, 2022.  Two issues developed.  One was with a survey requirement, and the other was with the appraisal.  Someone from Capital Title in Plano, Texas called requesting a survey of the property.  Plaintiff alleges that survey companies were backlogged three to four weeks due to severe weather in northeast Texas.  Such a delay was problematic to Plaintiff because his interest rate lock was due to expire on April 8, 2022.  Plaintiff researched to determine if a survey

1    was necessary and found that Texas guidelines only required a property survey on primary

2    residences.  On April 7, 2022, Mandy Bennett from Capital Title informed all parties that

3    the survey was in fact not required.

4            The appraisal raised the need for some repairs to be completed on the property.

5    Plaintiff hired Hometown Roofing to replace missing shingles and seal the roof.  Plaintiff

6    hired a handyman to repair the drywall.  Leandro Guillen and Joya Lewis, from Chase

7    Bank, told Plaintiff that the appraiser needed to verify the repairs were completed.  Plaintiff

8    agreed the appraiser could return before April 14, 2022, to verify the repairs.  The appraiser

9    never returned.  Plaintiff received a letter from Chase Bank denying his credit application.

10           Plaintiff's Amended Complaint ("AC") claims "unlawful credit discrimination to a

11   creditworthy applicant without regard to race, color, religion, national origin, sex, marital

12   status, age, receipt of public assistance funds, or the exercise of any right under the

13   Consumer Protection Act."  (Doc. 42 at 5–6.)

14   **II.    LEGAL STANDARD**

15           To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet

16   the requirements of Rule 8(a)(2).  Rule 8(a)(2) requires a "short and plain statement of the

17   claim showing that the pleader is entitled to relief," so that the defendant has "fair notice

18   of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*,

19   550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Dismissal

20   under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence

21   of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police

22   Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  A complaint that sets forth a cognizable legal

23   theory will survive a motion to dismiss if it contains sufficient factual matter, which, if

24   accepted as true, "state[s] a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*,

25   556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility exists if

26   the pleader sets forth "factual content allows the court to draw the reasonable inference that

27   the defendant is liable for the misconduct alleged."  *Id.*  "Threadbare recitals of the

28   elements of a cause of action, supported by mere conclusory statements, do not suffice."

1    *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility

2    that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely

3    consistent with a defendant's liability, it stops short of the line between possibility and

4    plausibility of entitlement to relief." *Id.* (cleaned up).

5           Although a complaint attacked for failure to state a claim does not need detailed

6    factual allegations, the pleader's obligation to provide the grounds for relief requires "more

7    than labels and conclusions, and a formulaic recitation of the elements of a cause of action

8    will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Rule 8(a)(2) "requires

9    a 'showing,' rather than a blanket assertion, of entitlement to relief," as "[w]ithout some

10   factual allegation in the complaint, it is hard to see how a claimant could satisfy the

11   requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds'

12   on which the claim rests." *Id.* at 555 n.3 (citing 5 Charles A. Wright & Arthur R. Miller,

13   Federal Practice & Procedure § 1202, at 94–95 (3d ed. 2004)). Thus, Rule 8's pleading

14   standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me

15   accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555)

16   **III.   DISCUSSION**

17          **A.    Moultry's Motion to Dismiss**

18          Randy Moultry is an appraiser—his name is mentioned nowhere in the body of the

19   AC. For purposes of his Motion, Moultry assumes that the AC's mention of an "appraiser"

20   is a reference to him. The 1974 Equal Credit Opportunity Act ("ECOA") says:

> It shall be unlawful for any creditor to discriminate against any applicant, with
> respect to any aspect of a credit transaction--
> (1) on the basis of race, color, religion, national origin, sex or marital status,
> or age (provided the applicant has the capacity to contract);
> (2) because all or part of the applicant's income derives from any public
> assistance program; or
> (3) because the applicant has in good faith exercised any right under this
> chapter.

25   15 U.S.C. §§ 1691. "The term "creditor" means any person who regularly extends, renews,

26   or continues credit; any person who regularly arranges for the extension, renewal, or

27   continuation of credit; or any assignee of an original creditor who participates in the

28   decision to extend, renew, or continue credit." 15 U.S.C. § 1691a. Moultry argues he is

not a creditor, and Plaintiff has not alleged that Moultry regularly extends credit or that he participates in the decision to extend credit.  Plaintiff does not respond to this argument. Plaintiff argues the ECOA also protects the consumer from discrimination in all aspects of the credit application, including appraisals.  Plaintiff argues that the appraisal made "subject to repairs" instead of "as is" defeated the purpose for the cash-out refinance which was to make repairs.  Plaintiff offers no legal authority that a claim made under the ECOA applies to appraisers who are not creditors.  Moultry's Motion will thus be granted.

### B.    Chase Defendants Motion to Dismiss

The Chase Defendants contend dismissal is appropriate because: (1) the Complaint lacks the requisite allegations of discrimination to bring ECOA claim; and (2) even if alleged discrimination, he has not alleged the necessary facts.  The Court will address each contention in turn.  "To establish a prima facie case under the ECOA, Plaintiffs must demonstrate that: 1) they are members of a protected class; 2) they applied for a loan modification (the "credit"); 3) the Plaintiffs qualified for the loan modification; and 4) the loan modification was denied despite Plaintiffs being qualified for the modification." *Sheriff v. Deutsche Bank Nat. Tr. Co.*, No. CV-10-1328-PHX-JAT, 2011 WL 1496152, at *4 (D. Ariz. Apr. 20, 2011).

First, Chase Defendants point out that Plaintiff fails to allege that he is a member of a protected class.  Plaintiff does not state if he is suing based on discrimination due to age, race, color, religion, national origin, sec, marital status, age, because he is on public assistance or because he asserted his rights under the ECOA.  The Court agrees, and Plaintiff does not address this argument in his Response.

Second, Plaintiff fails to allege that he was qualified for the Loan.  The Court agrees that nothing in the AC discusses Plaintiff's qualification for the loan, and Plaintiff does not address this argument in his response.

Third, Plaintiff fails to show an "adverse action" taken by Chase.  Specifically, the Chase Defendants argue they took no adverse actions because it was Plaintiff who broke off the loan application process.  Plaintiff did not respond to this argument.  However, the

Court notes that Chase Defendants argument relies on facts outside the AC. Specifically, they cite information from the Original Complaint that Plaintiff did not incorporate into the AC. Therefore, the Court finds that on the face of the AC, Plaintiff has alleged an adverse action—the denial of his loan.

Fourth, Chase Defendants argue Plaintiff is not an "applicant" for purposes of the ECOA and lacks standing. The argument is that he lost his status as an applicant when he called off the loan application process and sued the Chase Defendants instead. Again, the Court cannot make this finding from the facts in the AC.

Chase Defendants lastly argue that Plaintiff makes no allegations to support discrimination other than the conclusory statement on page five that he is making a claim under the ECOA, which prohibits unlawful credit discrimination. Again, Plaintiff does not respond to this argument. The Court agrees with Chase Defendants that there are no facts in the AC. Plaintiff alleges the survey should not have been requested, the appraisal should have been done "As Is," and lack of oversight by supervisors contributed to the delay that allowed the interest rate lock to expire. None of those facts support anything other than mistakes and/or negligence on the part of any Chase Defendant.

The AC alleges the Chase Defendants unfairly denied Plaintiff an opportunity to refinance and acquire credit at a lower interest rate. However, Plaintiff has only alleged mistakes, delays, and perhaps negligence. Plaintiff even acknowledges as much in his response, where he wrote "[t]he problems that plagued the credit process in this transaction were contributed to a lack of communication by Loan Officer Leandro Guillen with the appraiser, the title company and the applicant." (Doc. 49at 6.) He concluded that the appraisal's submission as "Subject to Repairs" caused the credit application to be unfairly denied. (Doc. 49 at 7.) The AC alleges nothing about discrimination. The Court will thus grant Chase Defendants' Motion.

### C.    Leave to Amend

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by

1    the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (cleaned

2    up).  Plaintiff has not requested leave to amend his Complaint a second time if the AC is

3    dismissed.  However, Moultry and the Chase Defendants have requested that the Court

4    dismiss this case with prejudice because further amendment would be futile.  Plaintiff was

5    granted leave to amend the Original Complaint, which included allegations for violation of

6    the Fair Housing Act and his civil rights under section 1983.  He dropped those claims in

7    the AC and made a claim under the ECOA.  Considering both Complaints, and all the

8    pleadings and motions in this case, the Court finds that any attempt to amend the AC would

9    be futile.  Plaintiff has alleged nothing more than disagreement with how the loan process

10   worked because of lack of communication, mistakes, and delay.

11       **IV.    CONCLUSION**

12       Accordingly,

13       **IT IS ORDERED** granting Defendant Randy Moultry's Motion to Dismiss

14   Plaintiff's First-Amended Complaint (Doc. 44) with prejudice.

15       **IT IS ORDERED** granting JPMorgan Chase Bank, N.A., Alonso Gonzalez,

16   Leandro Guillen, and Joya Lewis' Motion to Dismiss Plaintiff's First Amended Complaint

17   (Doc. 47) with prejudice.

18       **IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this case.

19       Dated this 14th day of July, 2023.

20

21

22

23                                   Honorable Susan M. Brnovich
                                     United States District Judge
24

25

26

27

28